## NEW YORK COMMON PLEAS.

### CHAPMAN agt. WEBB AND RAYMOND.

The last revision of the 173d section of the Code does not limit the power of allowing the amendment of a pleading or proceeding to cases where it may become necessary to conform the pleading or proceeding to the *facts proved*, but the court has the power of allowing the amendment at any time in the progress of the cause.

The omission of the word "*or*" in the 173d section as it now stands, was manifestly unintentional, and the last part of the section which reads "by conforming the pleading or proceeding to the facts proved," instead of qualifying the whole of the preceding part, should read "*or* by conforming, &c." thus making it one of the cases in which an amendment shall be allowed, instead of the only case in which allegations, other than those previously provided for, can be inserted.

An amendment of a complaint, though it change the cause of action, will be allowed if the "claim" remains the same.

The cause of action is the statement of the facts upon which the party founds his claim for relief. The "claim" is the particular relief sought.

The plaintiff declared for goods sold. The answer set up that they were sold upon a credit which had not expired. The plaintiff moved to amend his complaint by averring that the goods were procured through fraudulent representations on the part of the defendant. In the original complaint he demanded judgment for $162·87, that being the contract price of the goods. In the complaint as proposed to be amended, he demanded judgment for the *same sum*, averring that to be the value of the goods. *Held*, that within the meaning of the 173d section there was no change in the nature of the claim.

An amendment of a complaint will be allowed upon the payment of costs of motion. But if the defendant changes his defence he is entitled to the whole of his costs up to the time of amendment.

*New York Special Term, January*, 1852. Motion by plaintiff to amend his complaint.

JAMES T. BRADY, *for Plaintiff.*

J. W. GREEN, *for Defendant.*

DALY, Judge.—The principal difficulty I have experienced upon this motion arises from the change in the wording of the 173d section by the last amendment of the Code. As this section originally stood, the court was authorized at any time to allow

an amendment if it did not " substantially change the cause of
action or defence." In the revision of 1849, this clause was left
out, and this part of the section read " the court may at any time,
in furtherance of justice, and on such terms as may be proper,
amend any pleading or proceeding, by adding or striking out the
name of any party, or by correcting a mistake in the name of a
party, or a mistake in any other respect, or by inserting other
allegations material to the case, or by conforming the pleading
or proceeding to the facts proved. In the revision of 1851, this
section was again amended. The words " before or after judg-
ment," was substituted for the words " at any time," and the
clause " when the amendment does not substantially change the
claim or defence," was inserted. It was inserted after the sen-
tence " or by inserting other allegations material to the case, and
the word " or " was omitted or stricken out of the sentence, " or
by conforming the pleading or proceeding to the facts proved;"
so that the section as it now stands, reads, " The court may, be-
fore or after judgment, in furtherance of justice, and on such
terms as may be proper, amend any pleading or proceeding, by
adding or striking out the name of any party, or by correcting a
mistake in the name of a party, or a mistake in any other re-
spect; or by inserting other allegations material to the case,
when the amendment does not change, substantially, the claim
or defence, by *conforming the pleading* or *proceeding to the facts
proved.*" If this section was enacted for the first time in its
present shape, it would be difficult to interpret it otherwise than
as limitation of the power of amendment to cases arising upon
the trial, in which it might become necessary to conform the
pleading *or* proceeding to the facts proved, and if that con-
struction is now to be given to it, it will greatly abridge that
extensive power of amendment which the court possessed before
the Code and up to the last revision of it. After the twenty
days from the service of an answer or demurrer, within which
time a party has the right to amend, of course, and without costs,
there would be no power to amend until facts were proved upon
the trial, rendering an amendment of the pleading or proceeding
necessary, unless the court may be supposed to possess the power
of allowing amendments independent of the Code. This, how-

Chapman agt. Webb and Raymond.

ever, I am inclined to doubt.   The whole subject has now been made a matter of statute regulation, and unless the power can be derived from the Code, I doubt if the court can exercise it.   As the 173d section now stands, the court may at any time, before or after judgment, amend a pleading or proceeding, by adding or striking out the name of a party, or a mistake in any other respect.   Of the right to allow amendments of this character, I think there can be no doubt.   The whole difficulty arises from the change that has been made in the provision that follows: " or by inserting other allegations material to the case, when the amendment does not change substantially the claim or defence, by conforming the pleading or proceeding to the facts proved," and the main cause of the difficulty lies, as before suggested, in the omission of the words " *or*" in the provision as it now stands. If this omission was intentional, then there is no other construction to be given than the one before stated, and we have no power to grant amendment asked for in this stage of the suit.   It is an application to insert " other allegations " than those provided for in the previous part of the section, and comes within the latter provision alone.   After a very full examination, I am disposed to hold, though with great doubt, that the omission was unintentional.   That the latter part of this provision, instead of qualifying the whole of the preceding part, should read " or by conforming the pleading or proceeding to the facts proved"; thus making it one of the specific cases in which an amendment may be allowed, instead of the only case, in which allegations, other than those previously provided for, can be inserted.

In construing a statute, we may look to all the revisions it has undergone for the determining its real meaning.   A mere change in the phraseology of a statute will not alter its effect, unless it is apparent that such was the intention.   Taking into view, therefore, the whole course of legislation in respect to this section, I think it may fairly be assumed that the legislature did not intend by the omission of this single word, to restrict the power of amendment in so great a degree.   That it was their intention in legislating upon this subject, to afford increased facilities in the way of amendment in furtherance of justice.   To enlarge, and not to diminish them.   And I think it would defeat the very

Chapman agt. Webb and Raymond.

purpose they had in view to give to this provision such a narrow and limited construction. The practical effect of it would be to compel parties to go to trial upon defective pleadings, and then apply, after the facts were proved in the course of the trial, or after it, for liberty to amend them. This would lead to infinite embarrassment and difficulty. The amendment of a pleading frequently requires a new answer or reply; the forming of a new and different issue. Postponements and adjournments would necessarily follow to enable parties to put their pleadings in a proper shape; and thus, after the time of the court had been unprofitably spent in receiving evidence; I can not think that the legislature intended any such thing. Instead of furthering the administration of justice, it would seriously obstruct and embarrass it. It would lead to infinite perplexity; to a great waste of the public time and throw our system of pleading into a state of chaos, which I should be unwilling to suppose was the intention of the framers of this amendment. The question however, as a matter of practice, is of great importance, and as it was not raised or discussed upon the argument of the motion, it would perhaps be more satisfactory to the parties to bring it before the general term, that it may have the benefit of a more mature consideration. For the purposes of the present motion, I shall hold we have the power to allow the amendment.

The next question that arises, is, whether the proposed amendment substantially changes the nature of the *claim?* The complaint is for goods sold; the answer, that they were sold upon a credit which has not yet expired. To which the plaintiff replies, fraud in the sale. He now proposes to amend his complaint by averring a sale upon a credit of six months, obtained through fraudulent representations on the part of the defendant, and claims to recover, as his damages, the value of the goods. The effect of this amendment will be to change an action founded upon contract, into an action of tort. In 3 *How. Pr. R.* Judge PARKER held that a change in the form of action did not necessarily change the cause of action, and such was the former practice (2 *Chitty Arch.* 746; *Gra. Pr.* 656).

This decision was made when this section authorized amendments that did not substantially change the "cause of action."

The word " *claim* " is now substituted for cause of action, and it becomes necessary to fix the meaning of that term. The cause of action is the statement in the complaint of the facts upon which the party founds his claim for relief, and the claim is the particular relief sought. The amendment proposed, though it changes the cause of action, does not change the nature of the claim. In the present complaint the plaintiff demands judgment for $162·87, the contract price for the goods. In the complaint, as proposed to be amended, he demands judgment for the same sum averring that to be the value of the goods.

The remaining question upon this motion is the terms upon which the amendment should be granted. Under the former practice such amendments were allowed upon the payment of the costs of the term and costs of the motion, unless the defendant changes his defence, when he is entitled to the payment of the whole of his costs up to the time of the amendment (4 *Cow.* 503), and such will be the rule in the present case.

Note.—The 173d section of the Code, as amended in 1852, reads as follows (*the amendments in italics*): " The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, *process* or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, *or when the amendment does not change substantially the claim or defence, by conforming the pleading or proceeding to the facts proved.*"

*Quere*—Whether the last change reaches the difficulty the court had in its construction before?