May Term, 1854.

FALKNER
v.
IAMS.

*Per Curiam.*—The judgment is affirmed with costs.

*R. L. Walpole*, for the plaintiff.

*J. L. Ketcham* and *N. B. Taylor*, for the defendant.

---

### FALKNER and Another *v.* IAMS.

An amendment, changing the nature of an action from one *ex contractu* to one *ex delicto*, was not allowed by the R. S. 1843.

Justices of the peace, by the R. S. 1843, had no jurisdiction of an action of tort, where the damages claimed were 100 dollars.

*Saturday, June 3.*

ERROR to the *Delaware* Circuit Court.

DAVISON, J.—The plaintiffs sued the defendant before a justice of the peace. The following was the cause of action filed, to-wit:

"*Rezin Iams* to *Falkner* and *Reading*, Dr.   To
   destroying and damaging the pasture land of
   the plaintiffs, by turning and suffering his cattle
   and horses on the same,...................... $10 00

"To destroying and damaging ten acres of meadow
   land, by turning his horses thereon,........... $20 00

" Also for damages by turning his horses, cattle and sheep on sixty acres of corn land and tramping down the same,........................ $70 00

" Also for that the said *Iams* on the 30th of *March*, 1852, at *Delaware* county, rented his farm to the plaintiffs, and then and there delivered them possession thereof, which renting was not to expire until the 1st of *December*, 1852. And the said *Iams* hath ever since the day on which said agreement was made, without authority from the plaintiffs, turned his horses, hogs, sheep and cattle on said land, and suffered them to remain thereon. By means whereof the said horses, hogs, sheep and cattle tramped up said land, destroying the meadow of the plaintiffs, to their damage 100 dollars."

Before the justice, the defendant moved to dismiss the suit. The justice overruled the motion, tried the cause, and gave judgment for the plaintiffs. The defendant appealed.

In the Circuit Court, the defendant renewed his motion to dismiss for want of jurisdiction in the justice, the action being founded in tort, and the damages claimed over 50 dollars. Upon intimation from the Court that the motion would be sustained, the plaintiffs asked leave to amend by adding to the first count or charge these words: "which pasture land and meadow were rented of defendant by the plaintiffs;" and to the second count these words: "which corn land the defendant rented to the plaintiffs." The Court refused leave to amend, sustained the defendant's motion, and dismissed the suit.

We infer from the brief of the plaintiffs that the amendments, if allowed, would have changed the form of action from *ex delicto* to *ex contractu*. That being the object, the Court, by refusing leave to amend, ruled correctly. R. S. 1843, c. 47, s. 171.

The cause of action charges a direct trespass upon land, which obviously brings the foundation of the suit within the legal definition of a tort. The damage claimed is 100 dollars; a sum to which the jurisdiction of a justice, in

actions founded in tort, does not extend. R. S. 1843, p. 862.

*Per Curiam.*—The judgment is affirmed with costs.

*J. H. Swaar*, for the plaintiffs.

*T. J. Sample*, for the defendant.