Filed May 10, 1884.

---

No. 9260.

## BOYD, TRUSTEE, v. CALDWELL.

STATUTE OF LIMITATIONS.—*Action to Set Aside Trustee's Final Report.—Decedents' Estates.*—In an action to set aside, as fraudulent, the final report of one who, under a will, had been appointed by a probate court to execute a trust created by the will, it is no defence to set up the three years' statute of limitations governing such actions against administrators, executors or guardians. .

SAME.—*Amendment of Complaint, Changing Parties and Nature of Action.*— There is no error in permitting the relator in an action by the State, on a trustee's bond, against the trustee and his sureties, to so amend his complaint as to make it an action by the relator as plaintiff, against the trustee alone, to set aside, as fraudulent, the defendant's final report.

From the Henry Circuit Court.

*J. H. Mellett, E. H. Bundy, W. Grose, J. C. Denny* and *W. L. Granger,* for appellant.

*F. J. Hall, C. E. Barrett, J. C. Briggs,* — *Brown* and — *Warner,* for appellee.

HAMMOND, J.—Eli Davis died testate, July 19th, 1871. His will, which was duly admitted to probate, directed $20,-000 to be set apart in trust, the interest of which was to be used for the maintenance of the testator's son Clinton, during his life. The will provided that the trust should be committed to the charge of the testator's administrator or such trustee or trustees as the court having probate jurisdiction might appoint. The appellee, on June 24th, 1872, was appointed such trustee, and gave bond and acted in that capacity to October 6th, 1875, when he resigned. On the 26th of the following January he filed his final report as such trustee, which was examined and approved by the court. Martin L. Bundy first, and, after him, the appellant succeeded to the trust. On January 26th, 1879, the appellant as relator in the name of the State brought an action against Caldwell and his sureties on his bond as such trustee, alleging in his complaint that Caldwell had misappropriated trust funds to the amount of $4,000. Afterward, on November 20th, 1879, the case was dismissed as to the sureties, and an amended complaint, spoken of in the record as the second amended complaint, was filed, in which the State was omitted as a party, and the appellant named as plaintiff. With this amended complaint, exhibits were filed of the partial and final reports of Caldwell as trustee, which were asked to be set aside as fraudulent, and judgment was prayed in the sum of $5,000 for the use of the trust estate, on account of Caldwell's alleged malfeasances while acting as such trustee.

The appellee answered, in substance, that more than three years had passed between the date of Caldwell's final settlement and discharge, and the date of the filing of the plaintiff's second amended complaint.

The appellant demurred to the answer for the want of facts, but his demurrer was overruled. He excepted to the ruling, and assigns the same for error in this court.

In support of the sufficiency of the answer, the learned counsel for the appellee insist, with much force and ability, that section 116 of the decedents' act of 1852, 2 R. S. 1876, p. 537, which was in force when this case was pending in the court below, applies to this action, and requires that the same should have been brought within three years after the filing of the final report referred to. The above section of the statute relied upon, provided that the final settlement of an estate by an executor or administrator might be set aside for mistake or fraud at any time within three years after the same was made. There is nothing in this statute or any other extending its provisions to estates under the charge of persons specifically designated as trustees. Our statutes, sections 2969–3000, R. S. 1881, upon the subject of trusts and powers, contain only general directions as to the management of such estates. These estates, however, have always been under the control and supervision of courts of equity, and such control and supervision are clearly recognized by statute as belonging solely to the equitable jurisdiction of our courts. Sections 2978, 2979, 2980, 2988, 2989, 2995, 2996 and 2997, R. S. 1881; *Hinds* v. *Hinds*, 85 Ind. 312.

The fact that the will of Davis vested the power of appointing a trustee in a court having probate jurisdiction, did not divest the equitable jurisdiction of the court over the trust. The circuit court, which has exclusive probate jurisdiction, has also general chancery jurisdiction, and this jurisdiction is amply sufficient for the protection of trust estates. In requiring accounts from the trustee, the court might, or might not, at its pleasure, adopt the practice pertaining to the settlement of decedents' estates, or the estates of those under guardianship. The reports of the trustee made under the order of, and approved by, the court, no doubt furnish *prima facie* evidence of their correctness, and, in the absence of

proof of fraud or mistake, will stand as a shield of protection to the trustee.   But they are not conclusively correct, and may be set aside on the ground of fraud or mistake in an action for that purpose alone, or in an action having also for its object the recovery of trust funds not legally accounted for.   *Ferguson* v. *State, ex rel.,* 90 Ind. 38.

Counsel for the appellee refer us to the case of *State, ex rel.,* v. *Hughes,* 15 Ind. 104.   That was an action on a guardian's bond, commenced more than three years after the final settlement.   It was held that section 116, *supra,* of the decedents' act of 1852 applied, and that the action was begun too late. But that decision was based upon section 13 of the guardians' act (section 2527, R. S. 1881), which provides that a suit upon a guardian's bond " shall be governed by the law regulating suits on the bonds of executors and administrators."   No similar provision is found in the statutes relating to trusts.

Our conclusion is that section 116, *supra,* was not applicable to this case.   As there is no statute, directly or by implication, limiting the commencement of an action against a trustee to a period of three years after his final report and discharge, the appellant's demurrer to the answer should have been sustained.

The second amended complaint was filed over the appellee's objection, and his motion to reject the same was overruled.   To these rulings proper exceptions were taken, and the same are assigned by the appellee as cross errors.   We are of opinion that under the liberal provisions of the statute respecting amendments of pleadings, no error was committed by the court in the rulings complained of by the appellee.   Section 394, R. S. 1881.

For the error in overruling the appellant's demurrer to the appellee's answer the judgment will have to be reversed.

Judgment reversed, at appellee's costs, with instructions to the court to overrule the demurrer to the answer, and for further proceedings in accordance with this opinion.

Filed March 7, 1884; petition for a rehearing overruled May 15, 1884.