Filed October 17, 1895.

No. 1,231.

## THOMAS *v.* HAWKINS.

AMENDMENT OF PLEADING.—*When in Discretion of Trial Court.— Departure from Original Action.*—So long as there is no change of the nature of the action, it is the right of the plaintiff to amend his complaint at any time before answer, without leave of court; but if the amendment seek to introduce a new and different cause of action, after a demurrer has been sustained to the complaint, and especially after a reversal in the appellate tribunal with direction to sustain such demurrer, whether such an amendment may be made as will change the cause of action, becomes a matter of discretion with the trial court; and if it appear that the proposed amendment is a departure from the original cause of action, and the court rejects it, the appellate tribunal will not disturb the ruling.

Dissenting opinions by GAVIN, J., and DAVIS, J.

From the Marion Superior Court.

*J. B. McFadden* and *H. Dailey*, for appellant.

*J. W. Kern* and *L. O. Bailey*, for appellee.

REINHARD, C. J.—Hawkins was the United States Mar-

shal for the District of Indiana under a former administration, and as such, together with his bondsmen and one Alfred Isaacs, an alleged deputy, was sued by Thomas on his official bond, to recover damages for the alleged unlawful arrest and imprisonment of said Thomas on the 6th day of November, 1888. The court overruled a demurrer to the complaint, and, after a jury trial, a verdict was returned and judgment rendered in favor of Hawkins. Thomas appealed to this court, where the judgment was reversed, the court holding that there was no liability on the bond, either as to Hawkins or his sureties. *Hawkins* v. *Thomas*, 3 Ind. App. 399. After the cause had been remanded to the lower court, the appellant dismissed his action as to all the defendants except Hawkins, and as to him the court, in obedience to the mandate of this court, sustained the demurrer.

The appellant thereupon tendered his amended complaint in the cause, as against the appellee alone. The court refused to allow the appellant to file his amended complaint so tendered, and the appellant excepted. Judgment was then rendered against appellant for costs, and he appealed to this court.

According to the decision on the former appeal, the action as originally instituted was *ex contractu* in form, and would not lie. The appellant, by the amended complaint offered, attempted to change the form of the action to one *ex delicto*, against Hawkins alone. The appellant insists that the ruling of the court in refusing the appellant leave to file such amended complaint was reversible error.

It is provided by section 345, R. S. 1894 (R. S. 1881, section 342), that "if the court sustain or overrule a demurrer, the party affected by such ruling may plead over or amend upon such terms as the court may

direct, and on payment of costs occasioned by the demurrer."

Ordinarily the right to amend upon the sustaining of a demurrer to the complaint is absolute and cannot be denied the plaintiff by the court if he be willing to comply with the terms prescribed. In another section of the code it is provided that "any pleading may be amended by either party, of course, at any time, before the pleading is answered." R. S. 1894, section 397 (R. S. 1881, section 394). We think, however, that the pleading over or the amendment, which is contemplated by the code, is not such as allows a departure from the original cause of action, as a matter of absolute right. This would not be an amendment, but the filing of a new cause of action.

True, our code is exceedingly liberal as to amendments. Upon its face it permits any and all kinds of amendments to the complaint without leave of court, if made before answer. It also allows amendments as to parties plaintiff or defendant, and under the decisions a new plaintiff may be substituted as well as a new defendant. *Fargo & Co.* v. *Cutshaw*, 12 Ind. App. 392, and cases cited.

If it was contemplated by the statute to permit, as a matter of right, not only a change of parties, but also a change of the cause of action, then there is no reason why A may not initiate proceedings by suing B on a promissory note, and C conclude them by suing D for an assault and battery or other action in tort. We do not think it was ever intended that the right to amend should be carried to the extent of allowing a new and different cause of action to be substituted for the original one, as a matter of right, although there is no doubt that the mere form of the action may be changed,

and here is where we think much of the confusion and conflict arises in the decided cases.

Mr. Works, it seems to us, correctly states the rule when he says : "As to the plaintiff, no amendment should be permitted that would change the cause of action from the one named in the complaint. The injustice that might result from such an amendment is evident, as the defendant might be willing to suffer a default as to the cause of action named in the complaint, but not as to the one added by way of amendment." Works Pr. and Pl., section 697.

We are not aware of any case in our own courts which holds in express terms that an amendment to a complaint which changes the cause of action from one in contract to one in tort, and *vice versa*, may be made as of right, even before answer. The code of 1843 expressly prohibited such an amendment. R. S. 1843, chap. 47, section 171. The case of *Boyd* v. *Caldwell*, 95 Ind. 392, only declares that it is not error to permit an amendment changing the nature of the action. That was originally a suit by the State on the relation of the beneficiary on the bond of a trustee under a will against both the principal and the sureties. Afterward the case was dismissed as to the sureties, and an amended complaint was filed against the trustee alone, in which the original relator was substituted as plaintiff for the State. The amended or new complaint was in the nature of a proceeding to set aside certain partial and final reports of the trustee as fraudulent, and praying judgment for $5,000 for the use of the trust estate on account of the alleged malfeasance of the trustee.

The point as to the right to amend received but little consideration at the hands of the court, the judgment being reversed upon another ground. All that was said upon the subject of the amendment was that the court

was of opinion that under the liberal provisions of the statute respecting amendment, no error was committed in the ruling by which such amendment was allowed. That it would have been error to reject the amendment, or that it was the plaintiff's absolute right to make the same, was not decided.

We do not think the case cited is an authority for the position that it is the imperative duty of the court to allow such an amendment under the circumstances surrounding the present case.    The provisions of our code with respect to amendments are based upon the very liberal rules of the chancery practice, according to which amendments to bills were constantly permitted.    Such amendments might introduce new parties, or transpose the parties, or strike out some of them, whenever the interests of justice required it.    As to the *matter* of the bill, the equity practice was and is likewise very liberal in regard to amendments, provided they are not such as effect an entire change of the cause of action.    Even then such matters were always largely within the discretion of the chancellor, but were rarely permitted where all the facts were within the knowledge of the original complainant; or where the statutory period of limitation had expired and the defendants were entitled to it.    And upon the reversal of a decree the appellate court would not grant the plaintiff leave to amend when the only amendment he could make to give him any relief would be in effect to institute a new cause of action.    1 Encyc. Pl. and Pr. 458, *et seq*.

In the case of *Blake* v. *Minkner*, 136 Ind. 418, it was said by Dailey, J.: "Under our code, the greatest liberality is shown in permitting amendments to the original complaint, not only amendments thereto may be made, but an amended complaint, stating a new cause

of action may be filed. It is only where the amendment involves a statute of limitations that a different rule applies."

The learned judge who wrote the opinion does not state whether such amendments (introducing a new cause of action) are permitted as of right or are within the discretion of the court, and that this discretion should be exercised liberally in favor of amendments. That question not being before the court, the above language cannot be construed as holding that the statute absolutely enjoined the duty of allowing such amendments, and the most that we think the case decides is that the court may in a proper case permit such an amendment. The overwhelming weight of authority in other jurisdictions is against the right to substitute a new cause of action by way of amendment, although, as before stated, the mere *form* of the action may be changed when it refers to the same subject-matter. 1 Am. and Eng. Encyc. of Law, 548, *et seq.*, and notes citing cases.

It is also held in many of the courts of last resort in this country that after a cause has been in the appellate court and reversed for error in overruling a demurrer to the complaint, it then becomes a matter of discretion with the court whether the complaint shall be amended at all or not, although the leave to amend should rarely be denied, except where the amendment changes the nature of the cause of action entirely. Thus in *Farley* v. *Kittson*, 27 Minn. 102, on appeal from an order overruling a demurrer to the complaint, the cause was reversed. Leave was asked in the supreme court to amend the complaint. The court held that while doubtless it had the power to grant such leave, it would rarely exercise it; that it was safer in such cases to allow the discretion to be exercised by the trial court, as that court is

in a better position to know what has been done up to the decision upon the demurrer than the supreme court.

In *Lathrop* v. *Adkisson*, 87 Ga. 339, after a reversal it was held proper, in the discretion of the court, to allow an amendment of the complaint, as the amendment did not change the cause of action. The power to allow an amendment, as a matter of discretion, when it did not change the cause of action carries with it the power to reject such an amendment when it does change the nature of the action.

In *Wallace* v. *Columbia, etc., R. R. Co.*, 37 S. C. 335, a demurrer to a complaint had been erroneously overruled, for which error the court adjudged a reversal. The cause being remanded, it was held proper to allow the complaint to be amended, the court saying: "When the circuit judge, in the exercise of his wise discretion in such cases, decided that the plaintiff should have leave to amend, there was no error, *unless by his order he opened the door too wide for that purpose*, or in not imposing terms as to payment of costs."

In *Bœttcher* v. *Colorado Nat'l Bank*, 15 Col. 16, an amendment of a complaint, after a reversal of the cause, was held to be within the discretion of the court, and where it was refused when as much as four years had elapsed since the commencement of the action, the supreme court would not inquire whether the court had abused its discretion.

In *Smith* v. *Bogenschutz*, (Ky.) 19 S. W. R. 667, on reversal of the cause an amendment was allowed *because* it did not change the cause of action.

Many more cases to the same effect might be cited, but it is not necessary. Some of the cases go much farther than we are required to go. We are not unmindful of the fact that whatever is the true rule in

Indiana it must be predicated upon the provisions of our code, and that the decisions of other States may therefore not be applicable. But there is much similarity between the rules prevailing in equity practice and those of our code, as already pointed out, and the decisions of the courts of chancery, and in many instances of the common law courts, form valuable precedents and give important hints as to what should be the proper practice under the code. If it be said that no case can be found where such provisions as our statutes contain upon this subject have been interpreted to be discretionary, we answer that neither has there been any interpretation that would carry the doctrine to the extent for which the appellant contends. If the doctrine of the right to amend absolutely were carried to its logical result, as claimed by appellant, it must follow that if after a cause has been reversed, with directions to sustain the demurrer to the complaint, the plaintiff demands it, the court is bound to grant him leave to amend to any extent whatever, even to the making of new parties and the introduction of a new cause of action.

Thus, in the present case, the appellant could just as well have dismissed as to Hawkins also, and sued John Doe upon a promissory note by way of amendment; for if there is no limit to the right of changing the parties and the cause of action, we cannot see where the line is to be drawn. The statute does not admit of such an absurd interpretation. Courts may very properly look to the consequences resulting from certain constructions given to statutes. It is as much the duty of the courts to so interpret statutes as to give them a reasonable, just and beneficial effect, as it is their duty not to reject or arbitrarily disregard their plain words and provisions. *Lake Shore, etc., R. W. Co.* v. *Cincinnati, etc., R. W. Co.*, 116 Ind. 578, and authorities cited on page 583.

Thomas *v.* Hawkins.

The reasonable construction of the provisions of our code upon the subject of amendments is, as it appears to us, that so long as there is no change of the nature of the action it is the right of a plaintiff to amend his complaint at any time before answer, without leave of court, but that if the amendment seeks to introduce a new and different cause of action after a demurrer has been sustained to the complaint, and especially after a reversal in the appellate tribunal, with direction to sustain such demurrer, whether such an amendment may be made as will change the cause of action, becomes a matter of discretion with the trial court; and if it appear that the proposed amendment is a departure from the original cause of action, and the court rejects it, this court will not disturb the ruling.

Judgment affirmed.

Filed May 16, 1895; petition for rehearing overruled October 17, 1895.

## DISSENTING OPINION.

GAVIN, J.—The opinion of the majority, if I correctly understand it, holds that after demurrer sustained to a complaint, it is discretionary with the court to refuse to permit the filing of an amended complaint which pleads the same facts, causing damage, as were set forth in the original complaint, recovery being sought in tort instead of in contract. With this conclusion I am unable to agree.

The statute, sections 397–399, R. S. 1894 (sections 394–395, R. S. 1881), gives the court a discretion in allowing amendments made after answer, amendments as to parties, to conform the pleadings to proof, etc., but it says that "any pleading may be amended by either party as, of course, at any time before it is answered." By section 345, R. S. 1894, set out in the

majority opinion, the right to amend after demurrer sustained is given to the party.   No control or discretion over this right is bestowed upon the court save as to the terms.

Not a single authority, native or foreign, is cited to sustain the proposition that the amendment contemplated by the statute is "not such as allows a departure from the original cause of action as a matter of absolute right," because "this would not be an amendment, but the filing of a new cause of action," and that it rests in the discretion of the court to permit such an amendment.   The statute seems to me to be plain, clear and explicit.   If a limitation of the right thus clearly given is to be interpolated into the statute by the courts, there certainly ought, in my judgment, to be at least both good reason and strong authority therefor.   Yet with all due respect to the opinions of my brethren, every reason advanced in the principal opinion against permitting this right absolutely is equally cogent against permitting it at any stage of the case.   If there be any time when such an amendment is peculiarly appropriate, if ever, it seems to me to be after demurrer sustained when the party is present in court, by his attorney, prepared to see that no advantage is taken of him, when no answers have been filed, and no defense formulated, and when the court has ample power under the statute to adjust all rights as to costs equitably, and see that the defendant has ample opportunity to prepare any defense he may have.

The statement of the law quoted from Works, and approved by the majority, does not, in my judgment, lend any support to the position taken, that the right to make such amendments rests in the discretion of the court.   It goes much further and says that it should not be allowed at all.   This proposition is, moreover,

contrary to the law established by numerous decisions of the supreme court, a few of which are referred to later on in this opinion. I may say that an examination of the record and briefs in the case of *Boyd* v. *Caldwell*, 95 Ind. 392, discloses that this very section in Works, and the case of *Board, etc.,* v. *Decker*, 34 Wis. 378, were pressed upon the attention of the court and it refused to follow them. How much attention the members of that court gave to that case I do not, of course, know, but the opinion does show that the point was squarely in the case and squarely decided.

It seems to me that since the Legislature has not seen fit to place the allowance of the amendment in the discretion of the court, whenever it appears that the subject matter is such as is permissible and proper in an amendment, then the conclusion follows logically that the party is entitled to make it.

The principal opinion says that none of our cases decide that such an amendment may be made as a *matter of right*. In answer I would say that the statute gives the right and it should not be taken away, at least without authority.

If this court were to hold that no amendment was allowable which introduced a new and independent cause of action, it would find abundant support abroad at least, although it would run squarely counter to our own supreme court; or if it should decide that there could be no change by amendment from contract to tort, it would also find some support abroad, although again it would be in opposition to our supreme court; but in deciding as it does, that under such a code as ours such a change is allowable after demurrer sustained at the discretion of the trial court, it stands solitary and alone.

The undesirable results which, in the opinion of the majority, would follow my construction of the statute,

by reason of new parties being thereby brought in, is suf-
ciently guarded against by the statute, which places such
amendments within the discretion of the court by its
very terms.    Section 399, R. S. 1894.

My views as to the merits of this cause are as follows :
The court has the power, under the statute, to deter-
mine the terms on which the amendment is to be made,
but not to deny the right.    By the "terms" referred to
in the statute, I understand requirements as to payment
of costs other than those occasioned by the demurrer,
the time in which the amendment is to be made, notice
of the amendment, or other collateral matters connected
with the amendment.

In *Ewing* v. *Patterson*, 35 Ind. 326, it was held that
this right of amendment after demurrer sustained was
absolute and not discretionary.    The addition to the
statute of the clause authorizing the court to prescribe
the terms does not alter the statute as to the point
under consideration.

In Bliss on Code Pleading, section 428, it is said :
"Without referring specifically to the statutes of the
different States, they all provide or imply a right to
amend after a demurrer without leave of court, for the
purpose of correcting the error which is the subject of
the demurrer."

Where the amendment is made or proposed on trial
or after answer filed, then it rests within the sound dis-
cretion of the court to grant or refuse permission to
make it.    R. S. 1894, section 397.

If, however, the amendment be such as is in itself
improper, then the court might rightfully and should
refuse to permit it to be made, not in the exercise of a
discretion, but in the enforcement of a legal right of the
opposite party.    Counsel for appellee contend that the
amendment was not proper because it changed the ac-

tion from one *ex contractu* to one *ex delicto*, and therefore changed the whole theory of the case and presented a new and different case.  There are authorities sustaining this view.  *Board, etc.,* v. *Decker, supra; Carpenter* v. *Gookin*, 2 Vt. 4 95.

In the note to Bliss on Code Pleading, section 430, it is said of this Wisconsin case: "It is believed, however, that in most of the code States this amendment would be permitted."

In *Ramirez* v. *Murray*, 5 Cal. 222, such an amendment was decided improper, but it was made after trial and verdict.

In *Falkner* v. *Iams*, 5 Ind. 200, it was also declared inadmissible under the old code, which authorized only amendments "which do not change the form of the action," the decision being based upon that express provision, which has not been in the code since 1852.

In *Boyd* v. *Caldwell*, 95 Ind. 392, just such an amendment as was here proposed was held permissible.  The weight of authority in other States supports this position.

In *Brown* v. *Leigh*, 49 N. Y. 78, the conflicting New York cases are reviewed and the conclusion reached that a complaint may be amended so as to change the cause of action from one class to another, even though they were so different as that they could not properly be joined in the same complaint, when the summons continued appropriate.

An amendment changing the complaint from contract to tort was allowed in *Chapman* v. *Webb*, 6 How. Pr. 390.; *Eighmie* v. *Taylor*, 39 Hun, 366.  From tort to contract in *Hopf* v. *U. S. Baking Co.*, 48 N. Y. St. Rep. 729 ; *Culp* v. *Steere*, 47 Kan. 746.

It must be borne in mind that the views here ex- pressed relate simply to the question presented by the

case in hand where it arises on the amendment proposed after demurrer sustained. Counsel cite a number of cases wherein it is said that an amendment should not be allowed which changes the cause of action and presents a new one. *Lewark* v. *Carter*, 117 Ind. 206 ; *Reeder* v. *Sayre*, 70 N. Y. 180. These statements are made with reference to amendments proposed on or after trial.

In *Kiphart* v. *Brennemen*, 25 Ind. 152, it was asked in the circuit court to amend a complaint filed before a justice so as to bring the case within his jurisdiction, the original showing a cause of action without his jurisdiction, thus presenting a question altogether different from that we are considering. This it was decided could not be done on appeal.

In *Indianapolis, etc., R. R. Co.* v. *Cobb*, 64 Ill. 128, the propriety of permitting the amendment is not disputed, but it is simply held that when the statute of limitations is pleaded to an amended complaint setting up a new and different cause of action the statute runs to the time of filing the amended pleading and is not to stop with the commencement of the original action. Our own cases are to the same effect. *Blake* v. *Minkner*, 136 Ind. 418; *Chicago, etc., R. R. Co.* v. *Bills*, 118 Ind. 221 ; *School Town of Monticello* v. *Grant*, 104 Ind. 168; *Shirk, Exr.*, v. *Coyle*, 2 Ind. App. 354. These cases, however, recognize, and others authorize, amendments introducing new causes of action at proper times under proper circumstances. *Burr* v. *Mendenhall*, 49 Ind. 496 ; *Darrell* v. *Hilligoss, etc., Gravel Road Co.*, 90 Ind. 264; *Levy* v. *Chittenden*, 120 Ind. 37 ; *Blake* v. *Minkner, supra.*

If the counsel were sustained in their assumption that the cause of action asserted by the amended complaint was upon its face barred by the statute of limitations,

then there would be little difficulty in regarding the refusal to permit the filing of the amended pleading as harmless in any event, but this does not appear. In order to make a complaint bad upon its face, as showing the cause of action to be barred by the statute, it must appear that none of the exceptions provided for in the statute apply. There are several exceptions, notably nonresidence and concealment, which prevent the statute from running. These not being negatived, an answer setting up the statute of limitations was necessary to make it available. *Potter* v. *Smith*, 36 Ind. 231; *Hogan* v. *Robinson*, 94 Ind. 138; *Medsker* v. *Pogue*, 1 Ind. App. 197.

It is not necessary to decide, because not properly before the court, whether or not when the statute is pleaded this complaint is to be regarded as setting up a new and independent cause of action, or as being a restatement of the matters counted upon in the original pleading.

The appellee invokes the aid of that doctrine by which a party having two remedies and electing to pursue one is usually held bound by his election. Here, under the holding of the court, the appellant did not have two remedies from which to choose.

I am of the opinion that the judgment should be reversed.

Filed May 16, 1895.

## DISSENTING OPINION.

DAVIS, J.—With some hesitation on some of the propositions involved I concur in the main in the conclusions reached by Judge Gavin, but I am clearly of the opinion that the cause of action alleged in the amended complaint must be regarded as having been instituted as of the date on which appellee tendered his

amended complaint for filing, and that he cannot by bringing a new cause of action growing out of the same facts, by way of amendment, bar the statute of limitations against it. In other words, as the complaint fails to negative the exceptions provided for in the statute, it is not bad upon its face, and an answer setting up the statute of limitations is necessary to make such defense available. *Blake* v. *Minkner*, 136 Ind. 418.

Filed May 16, 1895.