The State, *ex rel.* Reiter, Auditor, *v.* Foulks.

———————

No. 9820.

THE STATE, EX REL. REITER, AUDITOR, *v.* FOULKS.

OFFICIAL BOND.—*Auditor of County.—Bond and Contract.—Complaint.—Statute of Limitations.*—The complaint in an action upon the official bond of a county auditor can not anticipate and avoid the statute of limitations by resort to the dual character of the bond, separating it into two causes of action and suing upon the officer's contract as distinct from his bond.

From the Knox Circuit Court.

*J. F. Long* and *C. M. Wetzel*, for appellant.

*W. H. De Wolf* and *S. N. Chambers*, for appellee.

Elliott, J.—The complaint of the appellant alleges that appellee was elected and qualified as auditor of Knox county, that he executed a bond conditioned for the faithful performance of the duties of that office, and that he failed to perform those duties. A copy of the bond is filed with, and made a part of, the complaint, and breaches are alleged, the language used by the pleader being, "and the plaintiff alleges, as a breach of said bond, that the defendant did not faithfully and impartially discharge his duties as such auditor." In their brief the appellant's counsel say: "While the complaint is in form, excepting as to parties defendants, upon the official bond of the appellee, it proceeds upon a different idea and theory."

We think the complaint is in substance, as well as in form, on the bond. If it is not, then its allegations are singularly inappropriate. We know of no other way to determine the character of a pleading than to give the facts stated their ordinary force and effect, and the language used its usual and natural meaning. Applying such a rule to the complaint under examination, it must be deemed to be upon the bond incorporated in it.

The theory of the counsel for appellant is an ingenious one; it is that the instrument is both a bond and a contract, and that an action may be maintained on that part which constitutes a contract distinct from that which constitutes the bond. All bonds are contracts, but not all contracts are bonds; and to say that an instrument is both a bond and a contract, as the authorities cited by counsel do, is entirely correct, but it does not follow from this that there are two separate and distinct causes of action bound up in the same instrument. No doubt an agreement contained in a bond may be enforced just as a like agreement contained in any other writing. This, however, does not warrant the conclusion that one suing

on the agreement embodied in the bond is suing on some other thing than the bond; whether the complaint is framed to enforce the agreement or to collect the penalty, the bond is its foundation; the action is on the bond.    When, therefore, the appellant sued on the instrument set forth in his complaint he sued on the official bond of the appellee, and not on some mere distinct and separate obligation.    The attempt to separate the instruments into two parts and call one part the officer's contract to do his duty, and the other the bond to secure the performance of his duty, is futile.

The anxiety of the appellant to annex a dual character to the instrument sued on grows out of the desire to avoid the statute of limitations which applies to official bonds.    The appellee answered this statute and the answer was held good. We have no doubt as to the correctness of this ruling.    *Ware* v. *State*, 74 Ind. 181; *Carr* v. *State, ex rel.*, 81 Ind. 342.

Judgment affirmed.