Roberts *et al. v.* Lanam.

---

---

No. 10,074.

## ROBERTS ET AL. *v.* LANAM.

EJECTMENT.—*Complaint.*—*Description.*—A complaint in ejectment, describing the lands as " the northeast part of the northwest quarter of," etc., "containing thirty-five acres," is bad on demurrer.

SAME.—*Partition.*—*Practice.*—Upon a complaint in ejectment, where the answer is a general denial, partition can not be awarded.

From the Brown Circuit Court.

*W. W. Herod, F. Winter, R. L. Coffey,* —— *Quick* and —— *Roberts,* for appellants.

Roberts *et al.* *v.* Lanam.

FRANKLIN, C.—Appellee sued appellants for the possession of real estate.

The first paragraph of the complaint was general; the second was specific, setting forth the alleged facts; the third was for damages for failing to keep an alleged condition subsequent in a deed.

A demurrer was overruled to the second, and sustained to the third paragraph of the complaint, and an answer in denial filed. There was a trial by the court; a special finding made, and conclusions of law stated, in favor of the appellee, and over a motion for a new trial and exceptions to the conclusions of law, judgment was rendered for partition of one-third of the land described, to the appellee.

The errors assigned are the overruling of the demurrer to the second paragraph of the complaint; the overruling of the motion for a new trial, and the exceptions to the conclusions of law; and that neither paragraph of the complaint stated facts sufficient to constitute a cause of action.

The first and second paragraphs of the complaint, as well as the third, describe the land as being "the northeast part of the northwest quarter of the northeast quarter of section seventeen (17), in township nine (9) north, and range two (2) east, containing thirty-five acres."

This is not like an action to reform a defective description in an instrument, by necessary averments in a complaint, making that certain and specific which is indefinite and uncertain, but the defect here is in the complaint itself. See the cases of *Jolly* v. *Ghering,* 40 Ind. 139; *Lewis* v. *Owen,* 64 Ind. 446; *City of Crawfordsville* v. *Barr,* 65 Ind. 367; *Shoemaker* v. *McMonigle,* 86 Ind. 421.

In the case of *Shoemaker* v. *McMonigle, supra,* the description in the complaint was "the southeast part," etc., "containing thirty-two acres." And the court held that "This description did not fix the boundaries or shape of the land intended to be conveyed. From it a surveyor could not determine whether its form should be in a square, parallelogram,

or some other irregular shape," and the description was held insufficient.

The description in the case under consideration is identical with that, except as to the number of acres; and upon that authority this complaint must be held bad.

The third paragraph, to which the demurrer was sustained,. was bad for other and additional reasons, and the assignment. of error, that the complaint did not contain facts sufficient to constitute a cause of action, must be held to be well made.

The court erred in overruling the demurrer to the second paragraph of the complaint. We think the court also erred in its conclusions of law, that the appellee was entitled to partition.

This is not a complaint for partition; the appellee did not ask for that, and there was no issue in the case upon that. question.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded to the court below with instructions to sustain the demurrer to the second paragraph of the complaint, and for further proceedings in accordance with this opinion.