Blake *et al. v.* Minkner *et al.*

No. 16,526.

BLAKE ET AL. *v.* MINKNER ET AL.

AMENDMENT OF PLEADING.—*Amended Complaint.*—*When Relates Back to Filing of Original Complaint.*—*When Not.*—*Statute of Limitations.* —An amendment of a complaint, which amounts to a restatement of the original cause of action relates back to the filing of the original complaint, but where the amended pleading states a different cause of action from that set up in the original complaint, it can not be made to relate back to the filing of the original complaint, so as to defeat the operation of the statute of limitations.

SAME.—*Amended Complaint.*—*Different Cause of Action.*—*Partition.*— *Ejectment.*—Where the cause of action stated in the original complaint was simply that of partition, which was amended so as to state a cause of action in ejectment, the amended complaint states a different cause of action, and does not relate back to the filing of the original complaint, so as to defeat the statute of limitations.

SAME.—*Amended Complaint.*—*When States a Different Cause of Action.* —Where the cause of action stated in the original complaint, and that stated in the amended complaint, do not correspond, either in their essential elements or in the evidence necessary to support each, the causes thus stated are different, and neither could operate as a bar to the other.

From the Marion Circuit Court.

*W. F. A. Bernhamer* and *W. N. Pickerill*, for appellants.

*G. Carter*, for appellees.

DAILEY, J.—In appellants' complaint, filed in the Marion Circuit Court, September 10th, 1890, partition was demanded of certain real estate situate in Indianola, an addition to the city of Indianapolis, which the appellants claim as the heirs at law of Eliza Blake, deceased, who had been the widow of James Blake, deceased, and Warren S. Blake, who had been a son of said James and Eliza Blake.

In the complaint it is alleged that in the years 1835 and 1842 James Blake acquired title to the real estate in

controversy jointly, with James M. Ray and others, and that Blake and Ray bought out the other interests, and became equal owners of the real estate described. James Blake died intestate November 26th, 1870, and Eliza, his widow, died intestate May 27th, 1887.

The appellants claim an undivided one-half interest in said real estate, through their mother Eliza Blake, who, they contend, never parted with the interest which the statute gave her, as the widow of James Blake, deceased.

On the 3d day of November, 1890, the appellees filed their answer in four paragraphs, the first being the general denial, the second averring that the undivided interest of James Blake had been sold on execution levied on the same by virtue of judgments rendered against him for individual debts in 1858 and 1859, and bid in by his partner, James M. Ray, and by said Ray and his wife conveyed to the appellee August H. W. Minkner, in March, 1864; that, by virtue of the title thus acquired, appellees have held and enjoyed the same, and although the said Eliza Blake lived more than fifteen years after the death of her husband, she never asserted any title to said real estate, and, by reason thereof, it is claimed that appellants had no right of action.

In the third paragraph of the answer, it is alleged that said real estate was held by James Blake and James M. Ray, as partners, doing a real estate business under the firm name of "James Blake & Co.," and that the undivided interest of said James Blake was levied upon and bid in by his partner, James M. Ray, at a sheriff's sale, as partnership property, and that after said sale it was agreed between said Blake and said Ray that said Ray should sell the interest of said Blake, so bought in by him, and, after reimbursing himself for the amount paid for the same, he should apply any residue there might be in extinguishing the individual indebtedness of said

James Blake to the partnership firm of James Blake & Co., and that this was done, and, on a final accounting between the members of said firm, it was found that after applying all the proceeds of such sale upon the individual liability of said Blake to said firm, he was still indebted to it in the sum of over six thousand dollars, which was never paid.

The fourth paragraph of the answer recites substantially the same state of facts as the third paragraph, and concludes with the averment that the interest of James Blake in the partnership real estate was applied in extinguishing his individual liability to the firm of James Blake & Co., and that by reason thereof his widow and children have no claim on the same.

The appellants demurred to the second, third, and fourth paragraphs of the answer, and the record shows that the demurrer was overruled as to the second paragraph, and is silent as to what disposition was made of the demurrers to the other paragraphs of the answer.

On the 5th day of January, 1891, the appellants, by leave of the court, filed an amended complaint in two paragraphs, but it was in ejectment, and asked judgment for the recovery of their alleged interest in said real estate and rent for the use thereof.

On the 26th day of January, 1891, the appellees answered the amended complaint in two paragraphs, the first being the general denial, and the second pleading the twenty years' statute of limitations, averring that more than twenty years had elapsed between the date of the death of James Blake and the filing of said amended complaint, on the 5th of January, 1891.

To this plea of the statute of limitations the appellants replied that the original and amended complaint stated the same cause of action, and that the only difference in the two pleadings was in the prayer for relief. To this

reply appellees demurred, which demurrer was sustained by the court, and judgment rendered on the demurrer in favor of the appellees, and, on exceptions saved, the cause comes to this court.

If the plea of the statute of limitations is well taken, it disposes of the case. Appellee insists that it is, while appellant urges with equal earnestness that it is not well taken.

The original complaint was filed about two and one-half months before the twenty years had expired. It having been filed, as stated, on September 10th, 1890, while James Blake died November 26th, 1870. It will also be seen that the amended complaint was placed on the files twenty years and forty days after the cause of action accrued.

The question presented is, shall the appellees, in view of the record, be deprived of the benefit of the statute of limitations? In other words, shall the new pleadings relate to the filing of the original complaint? This must be determined by solving the question whether the amended pleadings introduce a new or different cause of action from that set up in the original complaint, and involving the statute in question.

Under our code, the greatest liberality is shown in permitting amendments to the original complaint, not only amendments thereto may be made, but an amended complaint stating a new cause of action may be filed. It is only where the amendment involves the statute of limitations that a different rule applies.

In 1 Am. and Eng. Encyc. of Law, p. 551, it is said: "Whether an amendment should relate back to the date of the matter amended so as to prevent the plea of the statute of limitations from being set up, is a point on which the authorities are divided. Where the cause of

action is the same it seems just that it should have this effect.''

"Generally speaking, an amendment to a complaint has relation to the time the complaint was filed; but this never occurs when such amendment sets up a title not previously asserted, and which involves the question of the statute of limitations." *Lagow* v. *Neilson,* 10 Ind. 183; *School, etc., Monticello* v. *Grant,* 104 Ind. 170 (171); *Chicago, etc., R. R. Co.* v. *Bills,* 118 Ind. 222 (223).

Buswell on Lim. (1889 ed.), section 364, states the rule thus: "The principle is that where the amendment does not change the cause of action nor deprive the defendant of any defense which he had to the original suit, the plaintiff's right shall be preserved."

He also says: "The amendment of the declaration so as to state for the first time a cause of action is equivalent to bringing a new suit as of the date of the amendment, notwithstanding the original declaration was filed within the statute period."

The rule laid down by the Illinois court is thus stated, viz: "While it may be true that courts should be liberal in allowing amendments to avoid the running of the statute of limitations, yet it should be confined to cases where the original cause of action is restated. The plaintiff can not, by bringing a new cause of action by way of amendment, avoid the bar against it." *Illinois Central R. R. Co.* v. *Cobb, etc.,* 64 Ill. 128; *North Chicago, etc., Co.* v. *Monka,* 107 Ill. 340; *Phelps* v. *Illinois Central R. R. Co.,* 94 Ill. 548.

To the same effect we cite *King* v. *Avery,* 37 Ala. 169 (173), as follows: "We think the rule must be regarded as settled by the authorities, that if, during the pendency of a suit, any new matter or claim not before asserted is set up and relied on by the complainant, the defendant has a

right to insist upon the benefit of the statute, until the time the new claim is presented."

It is said in Bliss' Code Pleading, section 429: "A party, under privilege of amending, is not permitted to introduce matter which would constitute a new bill. It is commonly said that the plaintiff must have something to amend by; that the previous pleading must show that the cause of action presented in the new pleading is the same as that upon which the action was originally based."

In *Reeder* v. *Sayre*, 70 N. Y. 180 (190), the matter is stated tersely thus: "The real limitation to it seems to be that the amendment shall not bring in a new cause of action."

Heard's Civil Precedents (1886 ed.), p. 31, says: "It is better there should be no trial at all, than that the plaintiff should be allowed to set up one cause of action, and then, on any difficulty arising as to maintaining it on the evidence, to amend so as to raise another and different cause of action."

The question in this contention is this: Is the "cause of action" in the petition for partition the same as the "cause of action" stated in the amended pleadings— which are plainly counts in ejectment, or, as designated in the code, "for the recovery of real estate"?

The term, "cause of action," can not be defined. 1 Works' Prac., section 322.

The facts necessary to the relief sought constitute the "cause of action" in each case. The complaint for partition is formal under sections 1201 and 1203, Burns' Rev. 1894.

It describes the premises and alleges that plaintiffs and defendants are tenants in common; that the property can not be divided without injury, and prays for a sale of the property and division of the proceeds. The new

pleading, styled the "amended complaint," is also formal under sections 1062 and 1063, Burns' Rev. 1894.

It describes the same land; avers an ownership of the undivided one-half thereof; claims possession; avers that defendants hold wrongfully, and have so held for six years last past, and prays for ejectment and damages and rents for six years past.

Section 279, Burns' Rev. 1894, groups "causes of action" into seven classes, and permits causes of the same class only to be joined in one complaint, but by section 341, each shall be distinctly stated in a separate paragraph and numbered.

Under the fifth class, section 277, three causes of action are named, as follows:

1. Ejectment, with damages, rents, etc.

2. Waste.

3. Partition of, and to determine and quiet title to land.

It is thus clear that under the code ejectment and partition are not the same, but different causes of action.

This court, on several occasions, has recognized the distinction between the two. *Bowen* v. *Swander,* 121 Ind. 164; *English* v. *Powell,* 119 Ind. 93.

In *Frakes* v. *Elliott,* 102 Ind. 47, the court said: "In the case cited (*Nutter* v. *Hawkins,* 93 Ind. 260), the distinction between suits for partition and actions to recover possession of real estate is expressly recognized, *vide* opinion, p. 265."

In *Roberts* v. *Lanam,* 92 Ind. 380, which was a complaint in ejectment, the court said: "This is not a complaint for partition; the appellee did not ask for that, and there was no issue in the case upon that question."

In the case at bar, the complaint for partition is now

superseded and is out of the record. *Westerman* v. *Foster*, 57 Ind. 408.

"An amended pleading, and not an amendment to the pleading, is a substitute." Pleadings, Parties and Forms Under the Code, Bates (1881 ed.), p. 170.

It is evident that the court could not render a judgment for partition now, even if the question of the statute of limitations were not involved, because the substituted pleadings introduce a different cause of action. "Causes of action" are the same when they are composed of the same elements. If they differ in any essential element, they are different "causes of action."

The case of *Phelps* v. *Illinois Cent. R. R. Co.*, *supra*, draws the distinction between the "subject of the action" and the "cause of action." In a partition suit, and in an ejectment suit, the "subject of the action" in each is one and the same thing, namely: The right of the plaintiffs to the use and enjoyment of their own as they may prefer. The "subject of the action" was in existence long before the "cause of action" arose. In each case the "subject of the action" being the same, the "cause of action" does not arise until the occurrence of some event with reference to the "subject of the action." In an ordinary partition proceeding, the "cause of action" arises whenever the plaintiffs desire a severance of the common possession and their moiety, or other interest, set apart to them in severalty, or, as expressed in *Fleenor* v. *Driskill*, 97 Ind. 27, want the common and flowing stream of title diverted into separate channels.

The primary object of a suit for partition is then to sever the unity of possession and allot the respective shares of the parties, and not to create or vest new or settled conflicting titles. Title can only be put in issue by appropriate averments in the pleadings, and where the only issue presented by them is whether or not there

ought to be partition according to their respective interests, the title to land is not in issue. *Habig* v. *Dodge,* 127 Ind. 31; *Luntz* v. *Greve,* 102 Ind. 173; *Pipes* v. *Hobbs,* 83 Ind. 43; *Fleenor* v. *Driskill, supra; Miller* v. *Noble,* 86 Ind. 527.

In the case at bar, the original complaint, as stated, seeks partition only, makes such averments merely as are proper to procure partition, and tenders no issue requiring the quieting or establishment of title. A general denial to this would not put the title in issue. *Luntz* v. *Greve, supra.*

In ejectment, the plaintiffs must recover on the strength of their own title. They must show title though the defendants have none, or they can not recover. Burns' Rev. 1894, section 1069; *Deputy* v. *Mooney,* 97 Ind. 463; *Mull* v. *Orme,* 67 Ind. 95.

In ejectment, where the plaintiffs are tenants in common, ouster is one of the elements necessary to be established, and another element is rents and profits. It is apparent that the evidence is not the same in partition and ejectment suits, and the causes are essentially different.

Baylies, in his Code Pleading and Forms, p. 323, says: "To determine whether an amendment of the complaint will set up a new cause of action, * * * it is a fair test to inquire whether a recovery on the original complaint would be a bar to any recovery under the amended pleading. If it would, the amendment may be allowed; if it would not, the amendment should not be ordered, as the Code gives no authority to the court to allow a plaintiff to introduce a new cause of action by an amendment on the trial." The same criterion is applied in *Davis* v. *New York, etc., R. R. Co.,* 110 N. Y. 646.

In *Miller* v. *Noble, supra,* the appellees brought an action to recover real property held by the appellant.

The appellant answered in bar of the action a judgment previously rendered in a partition suit in which the appellant was plaintiff and the appellees and others were defendants, setting off to Miller the same property sought to be recovered in the ejectment suit. It was held that the first suit being an ordinary one for partition, neither settled nor professed to settle any question of title, and the recovery in the partition suit constituted no bar to the ejectment suit.

To the same effect we cite *Thorp* v. *Hanes*, 107 Ind. 324; *Avery* v. *Akins*, 74 Ind. 283; *Utterback* v. *Terhune*, 75 Ind. 363; *Kenney* v. *Phillipy*, 91 Ind. 511; *Bryan* v. *Uland*, 101 Ind. 477; *Luntz* v. *Greve, supra; Fleenor* v. *Driskill, supra.*

In ejectment, the title is directly in issue. Burns' Rev. 1894, section 1069; *Roots* v. *Beck*, 109 Ind. 472; *Huddleston* v. *Ingels*, 47 Ind. 498; *Groves* v. *Marks*, 32 Ind. 319; *Stehman* v. *Crull*, 26 Ind. 436.

In partition, ordinarily, the question of possession is not in issue. It is a question of the severance of the "community of possession"—the division or allotment of the shares.

"Community of possession is the right on which partition depends." 1 Washb. on Real Property, p. 681.

They "hold together; undivided is the primary idea." Freeman on Part., section 485.

The possession of one tenant in common is constructively the possession of all the tenants, the possession of one being deemed for the benefit of himself and his companions; and to disseize his cotenants, there must be an actual ouster, or such acts as are constructively equivalent to an ouster, and from which an ouster may be presumed. *Patterson* v. *Nixon*, 79 Ind. 251; *Jenkins* v. *Dalton*, 27 Ind. 78; *Bowen* v. *Preston*, 48 Ind. 367;

*Nicholson* v. *Caress*, 59 Ind. 39; Tyler on Ejectment, p. 199.

But in ejectment cases, if the action is between tenants in common, the complaint must aver, and it must be shown in evidence, that the cotenant denies the plaintiff's right of possession. Burns' Rev., 1894, section 1075.

In ordinary partition, it is not a question of possession. In ejectment it is a question of possession. In other words, neither the evidence, nor the elements of the cause of action correspond in the two causes of action.

In 1 Cowen, 156, an ejectment proceeding, the court says: "It seems to us, that by allowing this amendment we are indirectly depriving these defendants of all the benefit under the act. * * To allow this amendment, would be to introduce a new cause of action. It is like allowing a declaration to be served *de novo*, and ordering it to stand *nunc pro tunc.*" The amendment, in effect, amounts to the permission to bring in another cause of action to which otherwise the defendants might plead the statute of limitations.

In *Illinois Central R. R. Co.* v. *Cobb, etc., supra,* on page 140, in which two amended declarations were filed and there was an answer of the statute of limitations, it is said in the opinion: "Counsel for the appellees cite various authorities for the purpose of showing that courts should be liberal in allowing amendments for the purpose of avoiding the running of the statute. These authorities, however, are cases where the amendment was for the purpose of restating the cause of action in the pending suit, and not for the purpose of introducing a wholly new and different cause of action. The rule contended for by the appellees would substantially break down the protection intended to be given by the statute.

If A. has two notes against B., one of which is barred by
the statute and the other not, he could not enforce pay-
ment of the first note by joining it in a suit upon the
second. If, however, he commences suit on the second
before the statute has run against either, and afterwards,
the statute having run in the meantime against the first
note, he seeks to recover upon it by adding a new count
to his declaration in the pending suit, it is claimed he
may do so. Why should this be permitted any more
than to unite in the first instance a note barred with one
not barred? The two cases are the same in principle.
When a new count is added, a distinct suit could not be
brought on the outlawed note, * * how, then, can its
payment be enforced by adding a new count in the pend-
ing suit? How can a note, which the law pronounces
dead, be vitalized by amending the declaration in a suit
brought upon another cause of action?''

In 27 Hun, 611, under a similar condition of the
pleadings, the court said: ''The defendants have a right
to the bar of the statute. It is considered that the plain-
tiff could not maintain an original action on the claim.
The claim is gone. Does it alter the rights of the parties
to have another action pending with the defendant into
which it is proposed to incorporate this claim? On the
theory of the plaintiffs the pendency of the action be-
tween the parties, it may be, on a single note, would
keep alive all contract claims against either party during
the time consumed by the litigation. We think this can
not be done. The uniform current of authorities is op-
posed to such doctrine.''

How much more forcibly, if possible, does this doc-
trine apply to the case under consideration: The orig-
inal partition suit was barred nearly five years before
the action was commenced. It had ceased to exist. This
is admitted by counsel for appellants. At the time of

filing the amended pleadings no original action for the cause of action therein specified could have been maintained against the twenty year limitation. This is also admitted. How, then, can a dead claim be restored to life by incorporating it with another inanimate claim?

On November 26th, 1890, plaintiffs' claim to any interest in the lots in litigation expired. On that day defendants' title became perfect. It was as good from that time on as if evidenced by a patent from the government. *Bowen* v. *Swander, supra; English* v. *Powell, supra.*

"This title is equal in all respects to a conveyance in fee." *Roots* v. *Beck, supra.*

It is said in 13 Am. and Eng. Encyc. of Law, p. 691, that neither party will be allowed to thwart the "beneficent and healthful effect of a statute of repose by any mere strategy of legal proceeding."

We also cite *State, ex rel.,* v. *Foulks*, 83 Ind. 374.

Appellants' counsel have prepared and presented two very able briefs in support of their theory that the amendment to the pleading relates to the time of the filing of the original complaint for partition, but the entire trend of opinion seems to be against the proposition.

Our attention has been called by counsel to the case of *Powers* v. *Nesbit*, 127 Ind. 497, as tending to support appellants' claim. We do not think it in point, because, in that case, the title was directly and actually in issue, and there was a decree under that issue. It was the principal issue, and though coupled with a prayer for partition, the right to a new trial, as of right, was demandable.

In our judgment, the lower court did not err in the rulings of which complaint is made.

The judgment should be, and it is, hereby affirmed.

Filed Jan. 23, 1894.