## INDIANAPOLIS STREET RAILWAY COMPANY *v.* FEARNAUGHT.

[No. 6,107. Filed October 9, 1907.]

1. LIMITATION OF ACTIONS.—*Torts.—Accrual of Cause of Action.—* Actions for torts are governed by the two-year statute of limitations; and the cause of action accrues at the happening of the injury. p. 335.

2. SAME.—*Negligence.—Amended Complaint.—Whether Different Cause.—Street Railroads.—*An amended complaint filed more than two years after the occurrence of the injuries complained of, which alleges the same injuries and the same wrongful acts on the part of defendant as alleged in the original complaint, does not state a new cause of action, and is not barred by the two-year statute of limitations. p. 336.

3. TRIAL.—*Motion for Judgment on Pleadings.—Amended Complaint.*—A motion for judgment on the pleadings, where an amended complaint, in a personal injury case, is filed more than two years after the happening of the injuries, is properly overruled, where the amended complaint alleges the same injuries and the same wrongful acts causing same. p. 337.

4. SAME.—*Reswearing Jury.—Raising Question.—Amended Complaint.—Evidence.*—A party desiring the jury to be resworn upon the filing of an amended complaint and answer must, at the proper time, make a motion therefor; and such question cannot be raised by objections to the evidence subsequently introduced. p. 338.

5. SAME.—*Instructions.—Street Railroads.—Defective Switches.— Assumption of Facts.*—An instruction that if the defendant street railroad company ran its car at a high and dangerous rate of speed over a defective switch, of which defendant knew or by the exercise of ordinary care should have known, and that by reason thereof the rear trucks of such car ran off on a diverging track, causing injury to plaintiff, who was driving along the street, the plaintiff should recover, does not invade the province of the jury in assuming defendant's negligence, and is not mandatory. p. 338.

From Superior Court of Marion County (64,569) ; *James M. Leathers,* Judge.

Action by Jennie Fearnaught against the Indianapolis Street Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter* and *W. H. Latta,* for appellant.
*J. E. Bell,* for appellee.

COMSTOCK, C. J.—Appellee, who was plaintiff below, recovered judgment against appellant in the sum of $5,000 for personal injuries. It is alleged that she sustained such injuries by reason of a "collision between a carriage in which she was riding and one of appellant's street-cars. Appellee was on the back seat of a one-horse surrey which was being driven north on the east side of South Illinois street. Appellant's car was coming south on the west track on said street. At the intersection of the car tracks at Maryland and Illinois streets the front trucks of said car passed safely over the switches there located, but the hind trucks turned

east on Maryland street, throwing the back end of the car against the horse and the surrey in which the plaintiff was riding.'' The original complaint was in two paragraphs. The first alleged that the accident occurred by reason of the defective, worn, and loosened condition of the switch and by reason of the rapid, careless, negligent, and dangerous rate of speed of said car. The second alleged negligence in the rate of speed only, which caused the switch to be thrown, causing the hind trucks of the car to turn toward Maryland street. It does not charge that the switch was in a defective condition. Defendant answered by general denial. Upon the issues thus formed the jury was impaneled, and after the evidence was partially heard plaintiff was granted leave, over defendant's objection, to file an amended complaint in two paragraphs. The first paragraph of the amended complaint charges that the accident occurred by reason of the negligence of the defendant in allowing the switch to become defective, worn and loosened and in negligently failing to repair the same, together with the negligence and carelessness of the defendant's employes acting in the line of their duty in operating the car at a rapid and dangerous rate of speed. The second paragraph is the same as the second paragraph in the original complaint, with the additional charge that the defendant's servants at the time of the accident were acting in the line of their duty. Defendant's demurrer for want of facts to each paragraph of said amended complaint was overruled. Defendant thereupon answered in four paragraphs. The first was a general denial. The other three pleaded the statute of limitations. Plaintiff replied to the second, third, and fourth paragraphs by general denial.

Appellant argues that the first and second paragraphs of the complaint were insufficient upon various grounds, specifying them; that, the original complaint not being sufficient to withstand a demurrer for want of facts, an amended complaint based upon the same accident as the original complaint, and stating the circum-

stances in the same way, if filed more than two years after the accident, would be barred by the statute of limitations. It is true that actions for injuries to the person must ·be commenced within two years after the cause of action has accrued. §294 Burns 1901, §293 R. S. 1881. The cause of action accrues at the date of the injury. *Hanna* v. *Jeffersonville R. Co.* (1869), 32 Ind. 113. The statute of limitations commences to run when the right of action accrues.

The injury occurred April 13, 1902. Plaintiff's amended complaint was filed April 25, 1905. The two years allowed by statute for bringing the action had therefore expired before the filing of the amended complaint. It is earnestly argued that the right of action was not saved from the operation of the statute of limitations. The ·proposition of counsel is supported by decisions outside the State. A different rule obtains in this State.

*Jeffersonville, etc., R. Co.* v. *Hendricks* (1872), 41 Ind. 48, was an action brought by the administrator to recover damages for the death of his decedent, caused by the alleged negligence of the defendant. In the first trial plaintiff had judgment, which was reversed upon the ground that the complaint was insufficient for want of facts. Following this ruling of the Supreme Court the court below sustained a demurrer to the complaint, and thereupon the plaintiff filed an amended complaint four years after the original cause of action had accrued. The defendant insisted that a new cause of action was stated, which was barred by the statute of limitations. In the course of the opinion the court said on page 63: "In our opinion, the cause of action, as set forth in the two paragraphs of the complaint, as amended, is the same as, and identical with, that set forth in the original complaint. It is neither new nor different. The cause of action, as set forth in the original and amended complaints, was the death of Mrs. Hendricks, caused by the wrongful act or omission of the Jeffersonville, Madison & Indianapolis Railroad Company and without fault on her part,

and not the particular manner or means of her death. * * * The new facts stated relate to the time and fact of the death of the decedent, as alleged in the original complaint. The position of counsel for appellant would be correct if the new facts stated related to a time and transaction different from the one set out in the original complaint. The cause of action arose, if at all, the moment the death was caused by that company's wrongful act, and it then only became a question of fact, and hence of evidence, what really was the wrongful act." The case is cited and followed in the following Indiana cases: *Cleveland, etc., R. Co.* v. *Bergschicker* (1904), 162 Ind. 108; *Blake* v. *Minkner* (1894), 136 Ind. 418; *Evans* v. *Nealis* (1879), 69 Ind. 148; *Sidener* v. *Galbraith* (1878), 63 Ind. 89; *Shirk* v. *Coyle* (1891), 2 Ind. App. 354; *Ohio, etc., R. Co.* v. *Stein* (1894), 140 Ind. 61; *Chicago, etc., R. Co.* v. *Bills* (1889), 118 Ind. 221. See, also, *Texas, etc., R. Co.* v. *Cox* (1892), 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; *Smith* v. *Missouri Pac. R. Co.* (1893), 56 Fed. 458, 5 C. C. A. 557; *Van Doren* v. *Pennsylvania R. Co.* (1899), 93 Fed. 260, 35 C. C. A. 282; *Chicago City R. Co.* v. *Cooney* (1902), 196 Ill. 466, 63 N. E. 1029; *Zieverink* v. *Kemper* (1893), 50 Ohio St. 208, 34 N. E. 250.

The facts set out in the original and in the amended complaint in the case at bar manifestly describe the same occurrence, and show that the negligence of appellant caused appellee's injury, and the court did not err in overruling the demurrers.

Upon the filing of the amended complaint, counsel for appellant filed a motion for judgment on the pleadings as they then stood. This motion was overruled. The argument urged in support of this motion is founded upon the proposition for which appellant contends that the amended complaint states a new cause of action. That question has already been considered.

It is contended that the court erred in not causing the jury to be resworn after the filing of the amended complaint and answers and replies thereto. It does not appear that the appellant asked that the jury be resworn.

In Knowles v. Rexroth (1879), 67 Ind. 59, the Supreme Court held that if counsel wish to reserve any alleged error in proceeding with the cause after an amendment is made, without reswearing the jury, they should object and except at the time; and by a failure so to do the alleged error is waived. Counsel for appellant seek to show that the question was presented and saved in the manner following, to wit: After the issues were reformed, and without the jury's being resworn as appears from the bill of exceptions, William J. Groversner, being recalled upon direct examination, was asked the question: "Where was the car when you first observed it?" Defendant's attorney objected to the question as appears in the bill of exceptions in the stenographic transcript of the evidence.

The objection as set out in the transcript record is: "The defendant objects to the question and evidence sought to be elicited, on the ground that the cause is now before the court on the amended complaint, and not properly submitted to the jury in the box for trial; and such jury is not authorized upon hearing this evidence to render any verdict thereon upon his amended complaint filed yesterday." In this language there appears no request that the jury be resworn, and, if counsel desired such action upon the part of the court, it does not appear anywhere in the record.

Instruction twelve, given, reads: "If, therefore, you find from a fair preponderance of the evidence that, at the time and place in question, said switch leading from defendant's west track in Illinois street east into Maryland street had become defective, worn, and loosened prior to the happening of the alleged injuries to plaintiff, and by reason thereof said switch was dangerous and liable

to be thrown open so as to allow or cause the rear trucks of said cars to turn to the east into the track leading into Maryland street, and thereby likely to injure pedestrians or persons in vehicles lawfully upon said street; and if you further find that the defendant knew, or by the exercise of ordinary care and diligence could have known, of said defective and dangerous condition of said switch in time to repair the same and place the same in a reasonably safe condition for use in said track prior to plaintiff's accident, but that defendant negligently and carelessly failed so to do; and if you further find that at the time and place in question one of the defendant's cars, approaching from the north in Illinois street, on the west track, was run by the employes of defendant, in the line of their employment, negligently and carelessly, at a high and dangerous rate of speed, over said switch; and if you further find that, as the proximate result of the negligence of the defendant in the particulars or respects above stated plaintiff was injured, as averred in the complaint— then I instruct you that the plaintiff would be entitled to recover under said first paragraph of complaint, provided you also find that she herself was free from any negligence proximately contributing to her said injury, and in such event your verdict should be for the plaintiff." It is objected to as mandatory, as invading the province of the jury, as stating what facts constitute negligence, and assuming that the condition of the switch constituted negligence. We have set out in full the instruction complained of. From its wording it clearly appears that the objections are not well taken.

We find no reversible error. Judgment affirmed.