LAVENE v. FRIEDRICHS, ADMINISTRATOR.

[No. 22,913. Filed March 15, 1917. Rehearing denied June 6,
1917.]

1. PLEADING.—*Amendment.*—*New Cause of Action.*—In an action
for negligent death, it was not error to overrule a motion to
strike out an additional paragraph of complaint filed within
the period of limitations, although it proceeded on a different
theory from that declared on in the other paragraphs. p. 338.

2. CONTINUANCE.—*Grounds.*—*Amendments to Pleading.*—*Dis-
cretion of Court.*—Although amended paragraphs of complaint
were not filed until the day of trial, it was not error for the
trial court to refuse to strike them out, as it was within its
discretion upon a proper showing, to grant a continuance to
enable defendant to prepare to meet the facts tendered by the
amendments. p. 338.

3. LIMITATION OF ACTIONS.—*Presenting Objection that Cause of
Action is Barred.*—*Practice.*—The proper practice in present-
ing the objection that paragraphs of complaint are not filed
within the statutory period of limitation is by demurrer or
answer, and not by a motion to strike out. p. 338.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Safe Place to
Work.*—*Duty of Master.*—The master is required to furnish his
servant with a reasonably safe place to work, and to use or-
dinary care to keep it so, and to furnish his servant with rea-
sonably safe appliances. p. 339.

5. MASTER AND SERVANT.—*Injuries to Servant.*—*Dangers In-
cident to Employment.*—*Duty of Master.*—The master is not re-
quired to warn his servant against doing the things assumed
under his contract, or of those that occur in the natural course
of his employment; and which the servant knows, if done,
would likely result in his injury. p. 339.

6. MASTER AND SERVANT.—*Injuries to Servant.—Place of Work.*
*—Assumption of Risk.*—The rule that where a servant makes
complaint to his master of some danger or defect in the place
of work, which the master fails to remedy within a definite
time, as promised, the servant assumes the risk, does not ap-
ply to a case where an inexperienced man notifies the master
of his fear that the work was not being done in a safe manner
and is induced to continue by the master's assurance that no
danger need be apprehended.   p. 340.

7. MASTER AND SERVANT.—*Injuries to Servant.—Duty of Master
to Warn.*—Where an inexperienced workman was employed in
the construction of a cornice on a high wall, it was the duty
of the master not only to warn him of the hazardous manner
in which the work was being done, but also to instruct him
how to avoid the danger.   p. 341.

8. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Com-
plaint.—Inconsistency.—Knowledge of Danger.*—In an action
against the master for the death of a servant killed while con-
structing a cornice on top of a high wall where the complaint
showed that decedent was inexperienced in such work, and con-
tained a general allegation that he did not know of the danger
incident thereto, an averment that decedent notified the master
of his fearfulness of the method of work employed was not suf-
ficient to overcome the direct allegation of lack of knowledge,
which will repel not only actual, but implied knowledge as well.
p. 341.

9. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of
Risk.—Contributory Negligence.*—Where an inexperienced
workman engaged in the construction of a cornice on a high
wall continued at the work after expressing fear to the master
as to the hazardous method of construction employed, upon the
latter's assurance of safety, the servant did not assume the
risk, nor become chargeable with contributory negligence.   p. 341.

10. APPEAL.—*Presenting Questions for Review.—Refusal to
Direct a Verdict.*—The refusal of the trial court to direct a
verdict by a peremptory instruction cannot be made the basis
of an independent assignment of error on appeal, but should
be presented by a motion for a new trial.   p. 342.

11. MASTER AND SERVANT.—*Injuries to Servant.—Trial.—Ver-
dict.—Answers to Interrogatories.*—In an action for the death
of a brick mason, killed by the falling of a wall upon which he
was constructing a cornice of terra cotta blocks, where the
complaint alleged that decedent was inexperienced, but relied
on the master's assurance that the method of work employed
was safe, answers by the jury to interrogatories showing that
it was decedent's first experience in laying terra cotta blocks,

that he did not believe the wall would fall, that the manner of doing the work was dangerous and unsafe, which fact was known to defendant, who had charge of the work, and unknown to decedent, and that the use of derricks was refused, except for handling the heavier blocks, were not in such irreconcilable conflict with the general verdict as to require a judgment thereon, the general verdict amounting to a finding in plaintiff's favor, in the absence of an interrogatory on the subject, on the question as to whether decedent was given an assurance of safety by the master.  pp. 342, 343.

12. APPEAL.—Review.—Answers to Interrogatories.—Verdict.—Conflict.—Presumptions.—In determining whether answers to interrogatories are sufficient to overcome the general verdict, all reasonable presumptions will be indulged in favor of the general verdict and none in favor of the interrogatories, and where there is not an irreconcilable conflict between the special findings and the general verdict, the latter will prevail.  p. 343.

13. APPEAL.—Review.—Instructions.—Safe Place to Work.—In an action for wrongful death, an instruction that it was the defendant's duty to furnish decedent a reasonably safe place to work was not erroneous.  p. 344.

14. MASTER AND SERVANT.—Injuries to Servant.—Action.—Jury Questions.—In an action for the negligent death of a mason killed by the falling of a wall on which he was building a cornice, where the evidence was conflicting as to whether the method used in laying terra cotta blocks was safe and decedent's only experience in such work was on the one building, the question of decedent's experience and whether he should have apprehended the danger of the method employed was for the jury.  p. 344.

15. APPEAL.—Review.—Instructions.—Negligence.—Assumption of Risk.—Contributory Negligence.—In an action against the master for the negligent death of a servant, instructions as to the assumption of risk, contributory negligence, and the master's duty to use due care are held, when considered with other instructions given, to have fairly presented the case to the jury.  p. 345.

16. APPEAL.—Review.—Instructions.—Consideration.—Where the instructions, considered in their entirety, fairly present the case to the jury, reversible error is not shown.  p. 345.

17. APPEAL.—Review.—Refusal of Instructions.—It is not error to refuse instructions, although they state the law correctly, where they are fully covered by others given.  p. 345.

18. EVIDENCE.—Admissibility.—Preliminary Proof.—Blue Prints. .—In an action for the death of a mason killed by the falling of a wall upon which he was laying a cornice, a detailed blue-

print plan of the cornice was properly admitted in evidence upon proper preliminary proof. p. 346.

19. EVIDENCE.—*Expert Witness.*—*Hypothetical Question.*—In an action for the death of a mason killed by the falling of a wall, it was not error for an expert witness to give an opinion, in answer to hypothetical questions, as to the methods of laying a terra cotta cornice, and to express an opinion as to the safety of such methods. p. 346.

20. MASTER AND SERVANT.—*Injury to Servant.*—*Admission of Evidence.*—*Harmless Error.*—In an action to recover for the negligent death of a mason killed by the falling of a wall upon which he was building a cornice of terra cotta blocks, questions calling for answers relating to the custom among architects as to the manner of laying and anchoring such a cornice although improper, were not reversible error in view of all the evidence in the case. p. 346.

21. DAMAGES.—*Excessive Damages.*—*Personal Injuries.*—A verdict for $10,000 for the negligent death of a brick mason thirty-three years of age, whose expectancy was about thirty-three years, earning 62½ cents an hour for ten months of the year was not so large as to be set aside as excessive, there being nothing to indicate that the jury was actuated by prejudice, passion, partiality, corruption or a misunderstanding of the evidence in making the award. p. 346.

22. APPEAL.—*Questions Reviewable.*—*Record.*—*Motion to Strike Out.*—Where an objection to filing amended paragraphs of complaint was stated orally, but what it was does not appear from the bill of exceptions, nor was it entered upon the record or minutes of the court, as contemplated by §663 Burns 1914, Acts 1903 p. 338, 339, no question as to such objection is presented for review on appeal. p. 347.

23. LIMITATION OF ACTIONS.—*Complaint.*—*Amendment.*—*Operation of Statute of Limitations.*—In an action for death by negligence, where amended paragraphs of complaint did not introduce a new cause of action and a recovery under the original paragraphs would be a complete bar to recovery under the pleadings as amended, the amended paragraphs were not affected by the statute of limitations. p. 347.

From Lake Superior Court; *Walter T. Hardy,* Judge.

Action by Charles H. Friedrichs, administrator of the estate of Byron E. Fultz, deceased, against Mathew G. Lavene. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Winston, Payne, Strawn & Shay* and *L. V. Cravens,* for appellant.

*Tinkham & Tinkham* and *Crumpacker & Crumpacker,* for appellee.

MYERS, J.—This action for damages on account of the death of appellee's decedent, was commenced on March 22, 1910, by a complaint in three paragraphs. Thereafter such proceedings were had as resulted in a judgment for $10,000 in favor of appellee. At the time of the accident—November 30, 1909—decedent was in the employ of appellant as a brick mason, but under the latter's direction was engaged, with another, in setting terra cotta blocks weighing from 150 to 240 pounds on top of a twelve-inch brick wall of a new three-story brick building, thereby constructing cornice extending outward from the wall two and a half feet. While decedent was thus employed, a part of the wall fell, throwing him to the street to his injury and death.

On November 27, 1911, appellee filed a fourth paragraph. On February 26, 1912, he dismissed his third paragraph, and on the same day, over appellant's objection, he filed an amended first and second paragraph. Following the filing of these paragraphs, appellant, by motion, which was overruled, sought to strike from the files said amended paragraphs, also the fourth paragraph, for the reason that the latter proceeded upon a theory different from that of the other paragraphs, and because none of said paragraphs was filed within two years next after the injury and the death of appellee's decedent; and for the further reason that said amended paragraphs were not filed until the day the cause was set for trial.

There was no error in either of these rulings. The fourth paragraph was filed three days before the ex-

piration of the two-year period, and, although it may have been based on a different theory from that

1. declared in the other paragraphs, that would not warrant the court in excluding it. *Blake* v. *Minkner* (1894), 136 Ind. 418, 421, 36 N. E. 246; *Indiana Union Traction Co.* v. *Pring* (1912), 50 Ind. App. 566, 577, 96 N. E. 180, and authorities cited; *Ohio, etc., R. Co.* v. *Stein* (1894), 140 Ind. 61, 39 N. E. 246. As to the amended paragraphs, it does not

2. appear that a continuance was necessary in order that appellant might prepare his case to meet the facts tendered by the amendments. Had such been the case, he should have asked a continuance, which would have been a matter for the sound discretion of the trial court. As to the question of filing these paragraphs within the statutory two-year period, it

3. is enough to say that the statute of limitations is not properly presented by a motion to strike a pleading from the files. The proper practice is to raise this question by demurrer or answer. *Oölitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558, 567, 91 N. E. 944; *Roberts* v. *Smith* (1905), 165 Ind. 414, 420, 74 N. E. 894.

A demurrer for want of facts was addressed to each paragraph of the complaint and overruled, and these rulings are assigned as error. In support of this assignment the only objection urged against the rulings is that no paragraph of the complaint negatives assumption of risk, and especially is the first paragraph insufficient for the reason that it affirmatively shows that decedent and his coemploye doubted their safety because of the manner in which the work was being done, and so notified appellant. This statement of decedent's knowledge is the basis for attack upon which appellant predicates practically all of his points and authorities.

Appellant concedes that it was his duty to furnish decedent with a reasonably safe place to work, and reasonably safe appliances, but insists that the dangers in this case were open and obvious to all, or could have been discovered by the use of ordinary care; and in any event, the danger was no more than he assumed under his contract of employment, or arose naturally during the progress of the work and was voluntarily encountered by him.

The rule affirmed by this court requires the master to furnish his servant with a reasonably safe place to work, and to use ordinary care to keep it safe,

4. and to furnish his servant with reasonably safe appliances. *Lehigh, etc., Cement Co.* v. *Bass* (1913), 180 Ind. 538, 103 N. E. 483. True, as appellant claims, this rule has its exceptions, whereby

5. certain risks are assumed by the servant, or, in other words, the master is not required to stand over the servant and warn him against doing the things assumed under his contract, or of those that come up in the natural course of his employment which he knows, if done, would likely result to his injury.

The amended first paragraph is the only one subject to the criticism offered. It proceeded upon the theory of an unsafe working place by reason of the manner in which the work was being done, and in substance charged that decedent was a bricklayer without any experience whatever in laying or constructing terra cotta cornice, and knew nothing about the manner or danger of laying the same, nor did he appreciate the danger of continuing the work without the blocks being supported on the outside and properly backed up and anchored on the inside of the wall; that appellant was an experienced man in this line of work, and knew that in order to render the work safe, it was necessary to use precautions against danger of the wall falling outward;

that appellant carelessly and negligently failed to see that the blocks were supported and anchored, and carelessly and negligently failed to warn decedent of the danger in failing to use these precautions; that appellant knowingly, carelessly and negligently ordered decedent, with another, to proceed with the work of laying the cornice, at that time knowing that it was not being done in a safe manner; that a day or two prior to the accident, decedent and his associate notified appellant "that they were afraid that the work was not safe in the manner in which it was being done, and that they feared the blocks and wall would fall outward and cause them injury; that at said time said defendant examined said work carefully, and then and there told said decedent and said William B. Vogt that the work was safe, and that they need not apprehend any danger, and to go ahead with the work; that said assurance of safety was made by said defendant for the purpose of inducing them to continue the work in the manner aforesaid, and to avoid the suspension thereof, which would have been necessary in order to change the manner of doing the same, and to provide the proper supports and anchors as above described; that said plaintiff's decedent was induced to, and did continue said work by virtue of said assurance, and fully relied thereon."

The point is made and cases cited to the effect that where a servant makes complaint to his master of some defect in his place of work, or in the appliances furnished him, which the master promises to repair within a definite time, but fails to do, the risk thereafter is assumed by the servant. This point is not well taken. It does not follow that because the wall fell, that prior thereto the danger of it falling was so open and obvious as to justify the conclusion that decedent by the use of his senses should or must have known of the danger; nor did appellant

promise to repair or agree to do anything to lessen the risk which was apparent to him, and to which he knew the workmen were being unnecessarily exposed. The situation required the exercise of judgment, which might be materially affected by actual experience pertaining to the particular class of construction, and which it is shown decedent lacked and appellant possessed. So that, as we see this case, the controlling principle made it the duty of appellant not only to warn decedent of the hazardous manner in which the work was being done, but to instruct him how to avoid the danger. *W. B. Conkey Co.* v. *Larsen* (1909), 173 Ind. 585, 589, 91 N. E. 163, 29 L. R. A. (N. S.), 116; *Atlas Engine Works* v. *Randall* (1885), 100 Ind. 293, 50 Am. Rep. 798; *Republic Iron, etc., Co.* v. *Ohler* (1903), 161 Ind. 393, 68 N. E. 901.

All the paragraphs contain the general allegation that decedent did not know of the danger, nor did he realize the hazard being encountered by him. While these allegations are general, and may be controlled by specific facts, yet we cannot say that the doubts and misgivings as to danger expressed by decedent were sufficient to overcome the direct allegation of lack of knowledge, which this court has held will repel not only actual but implied knowledge as well. *Consolidated Stone Co.* v. *Summit* (1898), 152 Ind. 297, 53 N. E. 235. Especially is this true, as here, where the master examined the work and gave assurance of safety. Under the pleaded facts in this case decedent did not assume the risk, nor become chargeable with contributory negligence. *Riley* v. *Neptune* (1913), 181 Ind. 228, 237, 103 N. E. 406; *Standard Cement Co.* v. *Minor* (1913), 54 Ind. App. 301, 100 N. E. 767; *Inland Steel Co.* v. *Kiessling* (1914), 183 Ind. 117, 108 N. E. 232; *Bruiletts Creek Coal Co.* v. *Pomatto* (1909), 172 Ind. 288, 297, 88 N. E. 606.

At the close of plaintiff's evidence, and at the close of all the evidence, the trial court refused appellant's request to instruct the jury to return a verdict in his favor. Each of these rulings appellant seeks to question by an independent assignment of error. The errors, if any, in overruling these motions should have been made causes for a new trial. As independent assignments of error they present no question. *White* v. *State* (1915), 183 Ind. 649, 109 N. E. 905; *Bane* v. *Keifer* (1898), 152 Ind. 544, 53 N. E. 834; *United States, etc., Ins. Co.* v. *Batt* (1911), 49 Ind. App. 277, 97 N. E. 195; *Deeter* v. *Burk* (1915), 59 Ind. App. 449, 107 N. E. 304.

Appellant also assigns as error the overruling of his motion for judgment on the answers of the jury to interrogatories, notwithstanding the general verdict. Under this assignment appellant insists that the answers to the interrogatories show that decedent assumed the risk, and that he did not rely upon an assurance of safety. We have carefully examined the facts specially found, to which our attention has been particularly called, also the other special findings, and in our opinion they tend to sustain the general verdict, and are therefore not in irreconcilable conflict therewith. The jury finds that decedent was engaged in the work as charged in the complaint; that while he had been engaged in the laying of brick three years, it was his first experience in laying terra cotta blocks; that he did not believe the wall would fall; that the manner in which the work was being done was dangerous and unsafe, which fact was known to appellant, who had charge of the work, and unknown to decedent; that derricks were provided for the laying of the heavier blocks, but their use was refused by appellant in laying the other blocks. The complaint charges that appellant gave assurance of safety, which decedent re-

lied on. The jury was not asked to find whether or not appellant gave decedent an assurance of safety, and there is no fact found in conflict with the allegations of the complaint on that subject. The general verdict amounted to a finding in appellee's favor on that question, and we must assume that the jury would have so found from the evidence, had an interrogatory to that effect been submitted.

Therefore, applying the rule that all reasonable presumptions will be indulged in favor of the general verdict, and none in favor of the answers to the interrogatories, and there being no conflict between the special findings and general verdict whereby, upon the face of the record, both cannot stand, we must conclude that the ruling of the trial court in this particular was right. *Consolidated Stone Co.* v. *Summit, supra; Chicago, etc., R. Co.* v. *Schenkel* (1914), 57 Ind. App. 175, 104 N. E. 50.

Appellant's motion for a new trial was overruled, and this ruling is assigned as error. First, as to the instruction given by the court on its own motion, of which we shall give a synopsis and the objections thereto. Instruction No. 6, to which objection is made, in substance, told the jury that if two methods of doing the work were open to decedent, and he knew of these methods—one safe, and the other dangerous—and with such knowledge he voluntarily chose the dangerous way, at the time knowing it was dangerous, and he was injured, he could not recover.

It is insisted that this instruction omits assumption of risk; that it omits the question of contributory negligence, and assumes the work was being done in an unsafe way. Instruction No. 38, in substance, directed the jury to find for appellant if they found from the evidence that decedent's death was caused by his leaning over the wall in doing the work he was directed to

do, and if there was open to him a safe method, and he was using an unsafe method and knew it was unsafe, he was guilty of contributory negligence. The objection urged to this instruction is, that it does not take into account not only if he knew, but that "he ought to have known that the method he was using was unsafe.".

Instruction No. 40 was to the effect that appellant was only obligated by law to use a reasonably safe method of anchoring the terra cotta blocks, and if found from the evidence that appellant exercised ordinary and reasonable care in adopting and using this method, then he had fulfilled the obligations imposed upon him by law, notwithstanding that there were other or safer means of doing the work. This instruction is said to be erroneous, because it refers to the objection of appellant to "use a reasonably safe method * * * while the law provides that he should only use ordinary care in adopting a safe method." Instruction No. 44 informed the jury as to the law relating to the rights and duties of the parties respecting latent defects. This instruction is criticised on the ground that it had the effect of leading the jury to believe that there were hidden defects which might have caused the accident. We are not persuaded to adopt this construction of the words so employed by the court. A further objection is noted to that part of the instruction referring to appellant's duty "to furnish him (decedent) a reasonably safe place in which to work," when it was his duty to use ordinary care in furnishing a safe place. This objection is not tenable. *Standard Forgings Co.* v. *Saffel* (1911), 176 Ind. 417, 96 N. E. 321. Instruction No. 42 was on the subject of the assumption of risk, and was within the issues and pertinent to the evidence. Appellant's objection is based solely upon the assump-

tion that decedent was experienced in the particular class of work he was doing at the time of the accident, and for that reason should not only have known, but should have appreciated the danger he was encountering from the manner in which the work was being done. As to whether the method used in laying the terra cotta blocks was safe or unsafe the evidence is conflicting. The experience of decedent in constructing a cornice out of terra cotta blocks was limited to his work on the one building. The question of his experience in the particular employment was one for the jury, and the instruction so left it.

In view of these facts and the evidence in this case as we read it, and in view of all the instructions given to the jury, we feel no hesitation in saying that the jury could not have misunderstood, nor could it have been misled by the questioned instructions. In our opinion the instructions considered as a whole fairly presented the case to the jury, and if this be true, reversible error is not shown. *Springer* v. *Bricker* (1905), 165 Ind. 532, 76 N. E. 114; *Vandalia R. Co.* v. *Stringer* (1914), 182 Ind. 676, 106 N. E. 865, 107 N. E. 673.

Appellant tendered to the court fifty-seven instructions, all of which were refused. He here contends that eighteen of these instructions should have been given. We have carefully examined these instructions, and compared them with those given by the court, and we deem it sufficient to say that, while some of them state the law correctly, all such were fully covered by other instructions given, and were equally as favorable to appellant.

Appellant also questions certain rulings of the court in respect to the admission and rejection of evidence. No good purpose will be subserved by extending this

opinion to cover each ruling. We do say, however, that upon proper preliminary proof the detailed blue-print plan of the cornice of the building in question was properly admitted in evidence. The witness Drinen testified as an expert. It was not error for him to give an opinion in answer to a hypothetical question as to the methods of laying a terra cotta cornice, and to express an opinion as to safety of these methods covered by such questions. We do not approve the questions calling for answers relating to custom among architects as to the manner of laying and anchoring such cornice, but upon due consideration of all the evidence we are convinced that the error in this respect does not warrant a reversal of the judgment.

Further supporting his motion for a new trial, appellant insists that the verdict is not sustained by the evidence and is contrary to law. We have reviewed the evidence and convinced ourselves that there is ample evidence in the record to sustain the verdict, and as it is also authorized by the issues in this case, it is not contrary to law.

It is next insisted that the damages assessed are excessive. The decedent was thirty-three years old at the time of his death, and was earning 62½ cents an hour for about ten months of the year. His life expectancy as shown by the American experience tables was about thirty-three years. From an examination of the evidence and proceedings as disclosed by the record in this case, we are not able to say that the damages are so large as to lead us to believe that the assessment was caused from prejudice, passion, partiality or corruption, or a misunderstanding of the evidence, and this being true, we cannot disturb the judgment because of the amount of damages assessed.

Having carefully considered all the errors assigned, and finding no error in the record, the judgment is affirmed.

## ON PETITION FOR REHEARING.

MYERS, J.—Appellant has filed a petition for a rehearing, and in support thereof insists that we failed to decide the question arising upon the overruling of his objection to the filing of an amended first and second paragraph of complaint. The record shows that over the objection of appellant, the court permitted appellee to file these amended paragraphs. In our former examination of this case, after comparing the original paragraphs with the amended ones, and giving appellant the benefit of the statements made in his brief, we came to the conclusion that appellant in this respect relied solely upon the statute of limitations, and, without going into the matter in detail, we indicated the proper practice.

We now add that the objection, in the court below, was stated orally, but what it was does not appear from any bill of exceptions, nor was it entered upon the record or minutes of the court, as contemplated by §3, Acts 1903 p. 338, 339, §663 Burns 1914. Appellant did not pursue any of these methods to bring to this court the question upon which the trial court ruled, and for that reason there is no foundation for his insistence.

However, if the question were properly here, the decisions of this and the Appellate Court clearly sustain the ruling of the trial court. The basis of the action as set forth in the original, as well as the amended paragraphs, was the death of Byron E. Fultz, caused by the wrongful acts or omissions of appellant, and not the particular means or manner of his death. The amended paragraphs referred to the

same time and the same transaction as did the original paragraphs, and alleged many of the same acts and omissions which were characterized as negligently done or omitted to be done, and in addition that the decedent continued to work in an unsafe place by reason of appellant's assurance of safety.   In either case, the question was one of fact, and hence of evidence, as to what really was the wrongful act or omission.   It is not, nor could it be successfully, contended that a new cause of action was introduced, or that a recovery on the original paragraphs would not be a complete bar to any recovery under the pleadings as amended, and, this being true, the amended paragraphs were not affected by the statute of limitations. *Jeffersonville, etc., R. Co.* v. *Hendricks* (1872), 41 Ind. 48; *Indiana Union Traction Co.* v. *Pring* (1912), 50 Ind. App. 566, 96 N. E. 180; *Indianapolis, etc., R. Co.* v. *Fearnaught* (1907), 40 Ind. App. 333, 82 N. E. 102; *Cleveland, etc., R. Co.* v. *Bergschicker* (1903), 162 Ind. 108, 69 N. E. 1000; *Blake* v. *Minkner* (1894), 136 Ind. 418, 426, 36 N. E. 246; *Peerless Stone Co.* v. *Wray* (1898), 152 Ind. 27, 51 N. E. 326.

The petition for a rehearing is overruled.

NOTE.—Reported in 115 N. E. 324, 116 N. E. 421.   Master and servant:   (a) master's breach of a statutory duty, servant's assumption of risk, 6 L. R. A. (N. S.) 981, 33 L. R. A. (N. S.) 646, 42 L. R. A. (N. S.) 1229, L. R. A. 1915 E 527, 4 Ann. Cas. 599, 13 Ann. Cas. 36, Ann. Cas. 1913 C 210;   (b) servant's assumption of risk after commencement of employment, as question of law or fact, 3 Ann Cas. 814; 29 Cyc 631, 633.