BUTLER *v.* DOMER ET AL.

[No. 27,526.   Filed March 18, 1941.]

*Edgar W. Atkinson* and *Hugh G. Sanders,* both of Auburn, for appellant.

*Mountz & Mountz,* of Garrett, for appellees.

FANSLER, J.—The appellee Erma E. Domer brought this action against the appellant and Auber Butler, his son, as partners, to recover damages for personal injuries suffered in an automobile accident. There was a trial, and the plaintiff recovered $500 damages.

Error is assigned upon the overruling of demurrers to two paragraphs of complaint and the overruling of a motion for a new trial.

The original complaint alleged that the defendants were copartners; that at the time of the accident they were the owners of, and had under their control, a truck and trailer; that while the appellee was riding with her husband in an automobile on a public highway they attempted to pass a truck "to which was attached a platform trailer owned and operated by one Auber Butler a co-defendant herein"; that the truck was being negligently operated in that the trailer did not have signal lights as required by law; that the trailer collided with the car in which appellee was riding and that she was injured. There was a demurrer for want of facts, which specified that there was no suf-

ficient allegation that the trailer was being used in partnership business at the time of the accident. This demurrer was overruled, and thereafter, and more than two years after the date of the injury, a second paragraph of complaint was filed in which the facts were elaborated. There was a demurrer to this paragraph of complaint for want of facts, which specified only that the second paragraph showed upon its face that more than two years had elapsed since the accrual of the action. Thereafter the first paragraph of complaint was dismissed, and the judgment rests upon the second paragraph.

Appellant asserts that the first paragraph of complaint did not state a cause of action, and that "where the original pleading fails to allege a cause of action or shows the plaintiff has no cause of action, as distinguished from a defective statement of a good cause of action, it is not amendable." We are not prepared to say that the first paragraph of complaint failed to state a cause of action. It did not show that the plaintiff had no cause of action, and if defective it was merely because of a failure to allege sufficient facts. But it is well settled that a bad complaint may be amended after the statute of limitations has run if it seeks to declare upon the same cause of action involved in the original complaint. *Jeffersonville, etc., R. R. Co.* v. *Hendricks, Adm'r* (1873), 41 Ind. 48. The appellant relies upon the case of *Blake et al.* v. *Minkner et al.* (1894), 136 Ind. 418, 36 N. E. 246, but the situation there was substantially different. The original complaint was for partition of real estate, and the amended complaint, filed after the 20-year statute of limitations had run, was in ejectment. It was held that the second complaint stated an entirely different cause of action.

See *Baltimore & O. S. W. R. Co. v. Carroll, Adm'x* (1929), 200 Ind. 589, 163 N. E. 99.

The court instructed the jury that the defendants' vehicle was not equipped with clearance lights as required by law. The appellant says that there was a conflict in the evidence upon this subject, and that therefore the instruction invaded the province of the jury. The defendant who was driving the truck testified that there were no clearance lights on the trailer, and the appellant points to no testimony, and we find none, to the contrary.

The assignments that the verdict is not sustained by sufficient evidence, and is contrary to law, and that the court erred in refusing to give a peremptory instruction, all involve the question of the statute of limitations, which is already disposed of.

We find no error.

Judgment affirmed.

NOTE.—Reported in 32 N. E. (2d) 594.